■ VIRGINIA BLOOMFIELD, Appellant, v EDWARD BLOOM-FIELD, Respondent.—Mikoll, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Peter Patsalos, J.), entered February 2, 1990 in Orange County, which, *inter alia,* partially granted defendant's motion to enjoin plaintiff from conducting any further proceedings in New Jersey relating to the parties' divorce.

The sole issue here is whether Supreme Court properly enjoined plaintiff from pursuing a modification of the visita-

tion and support provisions of the parties' divorce decree in New Jersey on the ground that New York Supreme Court had retained jurisdiction over the proceeding.

Plaintiff and defendant are parents of two minor children. On June 10, 1986, the parties entered into a separation agreement which, *inter alia,* provided that plaintiff and defendant would have joint custody of the children, designated plaintiff as the custodial parent and established a visitation schedule for defendant. The agreement was incorporated but not merged into a judgment of divorce dated August 1, 1988, pursuant to which Supreme Court retained jurisdiction with respect to maintenance, support, custody and visitation issues.

Plaintiff and the two children have resided in New Jersey since July 1985. After plaintiff commenced a modification proceeding in New Jersey, defendant, a New York resident, moved in Supreme Court to enjoin plaintiff from proceeding in New Jersey. Plaintiff opposed the motion on the ground that New York was an inconvenient forum. Plaintiff appeals from Supreme Court's order enjoining her from pursuing the modification proceeding in New Jersey.

There should be a reversal. Both the Uniform Child Custody Jurisdiction Act (Domestic Relations Law art 75-A) (hereinafter UCCJA) and the Parental Kidnaping Prevention Act (28 USC § 1738A) preclude the court from exercising jurisdiction in a custody proceeding commenced during the pendency of a proceeding in a court of another state where such state court is exercising jurisdiction in conformity with the aforementioned provisions, and further require the court to make inquiries concerning such other pending proceedings before taking action on its own *(see,* Domestic Relations Law § 75-g [1]; 28 USC § 1738A [g]). In *Vanneck v Vanneck* (49 NY2d 602) the Court of Appeals held that the issue of whether a phase of litigation should proceed in a foreign court should be decided before the separate issue of whether to enjoin the foreign action is reached, and where the claim of sister state jurisdiction over the underlying dispute is at least colorable, the New York court must defer adjudicating the dispute in New York and communicate with the foreign court pursuant to the command of the UCCJA *(supra,* at 610-611; *see,* Domestic Relations Law § 75-g [1], [2]).

Inasmuch as plaintiff commenced her modification proceeding in New Jersey before defendant brought on the order to show cause in New York, and given that (1) New Jersey qualifies as the home State, (2) substantial evidence regarding the children, including medical and schools records, is more

readily available in New Jersey than in New York, (3) the children are not in New York, and (4) New Jersey has opted to exercise jurisdiction, plaintiff has satisfied the jurisdictional predicate under the UCCJA (see, Domestic Relations Law § 75-d [1] [a] [i]; [b]). New York should decline to exercise jurisdiction over this matter under these circumstances. It is in the interest of the children that New York decline jurisdiction in that New Jersey is the more appropriate forum (see, Domestic Relations Law § 75-h [3]; see also, Matter of Heitler v Hoosin, 143 AD2d 1018, 1019-1020).

Order reversed, on the law and the facts, without costs, and motion denied. Mahoney, P. J., Casey, Mikoll, Levine and Mercure, JJ., concur.