■ In the Matter of LINDA L. WALTER, Respondent, v Jo-

seph L. Walter, Appellant.—Mikoll, J. P. Appeal from an order of the Family Court of Essex County (Main, Jr., J.), entered June 12, 1991, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' children.

The primary question presented on this appeal is whether Family Court correctly held that there was no custody issue pending in a Texas divorce action to prevent it from determining custody in the instant proceeding.

The parties were married in Houston, Texas, in September 1984. They have two children, a son born March 4, 1984 and a daughter born October 3, 1986. Petitioner moved with the children from Texas to Essex County in October 1990. In January 1991 respondent commenced an action for divorce in Texas. Petitioner received notice of the Texas action and advised the Texas court that she would not oppose the divorce action, but "would like an opportunity to be put on notice to contest the issue of custody".

Nevertheless, petitioner commenced the instant proceeding in Family Court in April 1991. Respondent's Texas counsel submitted documents to Family Court addressed to the Judge thereof entitled "Plea to the Jurisdiction," "Respondent's Motion to Transfer Venue With Answer Subject Thereto" and "Respondent's Original Answer". These papers denied the allegations in the petition and objected to the subject matter jurisdiction of Family Court. A hearing was held in Family Court in respondent's absence at which the court found that there was no custody proceeding pending in the Texas divorce action, that it had subject matter jurisdiction and that respondent had defaulted in the New York proceeding. Family Court then granted the petition and awarded custody to petitioner. This appeal by respondent ensued.

Family Court correctly determined that it had subject matter jurisdiction of the custody proceeding brought by petitioner based on petitioner's six-month residency with the children in Essex County prior to institution of this proceeding (see, Domestic Relations Law § 75-c [5]; § 75-d [1] [a]). Family Court erred, however, in exercising that jurisdiction. "Both the Uniform Child Custody Jurisdiction Act (Domestic Relations Law art 5-A) (hereinafter UCCJA) and the Parental Kidnaping Prevention Act (28 USC § 1738A) preclude the court from exercising jurisdiction in a custody proceeding commenced during the pendency of a proceeding in a court of another state where such state court is exercising jurisdiction

in conformity with the aforementioned provisions, and further require the court to make inquiries concerning such other pending proceedings before taking action on its own *(see,* Domestic Relations Law § 75-g [1]; 28 USC § 1738A [g])" *(Bloomfield v Bloomfield,* 170 AD2d 884, 885). And where, as here, "the claim of sister state jurisdiction over the underlying dispute is at least colorable, [Family Court] must defer adjudicating the dispute in New York and communicate with the foreign court pursuant to the command of the UCCJA" *(supra).* The petition initiating the Texas divorce action stated in a paragraph under the heading *"Conservatorship and Support"* that: "[respondent] believes that [respondent] and [petitioner] will enter into a written agreement containing provisions for conservatorship and support of the children. If such agreement is not made, [respondent] requests the Court to make orders for conservatorship and support of the children". The record also reveals that petitioner advised the Texas court that she desired "to be put on notice to contest the issue of custody". Thus, upon this record, Family Court should have communicated with the Texas court to ascertain whether that court would exercise its jurisdiction on the issue of custody before proceeding to adjudicate that issue in New York *(see, Vanneck v Vanneck,* 49 NY2d 602, 608-609; *Bloomfield v Bloomfield, supra,* at 885-886; *see also,* Domestic Relations Law § 75-g).

The record also indicates that the Texas court had jurisdiction to determine the underlying dispute. The parties were married in that State, respondent resides there, the children were born in Texas and the family had lived there prior to the move by petitioner and the children to New York. There is a sufficient showing that relevant evidence on the issue of custody is more readily accessible in Texas than New York and the Texas court has a colorable claim of jurisdiction *(see,* Domestic Relations Law § 75-d [1] [b]; *Bloomfield v Bloomfield, supra,* at 885-886).

Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Essex County for further proceedings not inconsistent with this Court's decision.