■ In the Matter of THOMAS F. MCGRATH, JR., Respondent, v THERESA COLLINS, Appellant. [608 NYS2d 556] —Cardona, P. J. Appeal from an order of the Family Court of Rensselaer County (Zittell, J.), entered June 19, 1992, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for primary physical custody of the parties' child.

The parties began residing together in 1986 along with petitioner's son, Tom, who was then two or three years old. Chay was born on February 10, 1988 to respondent, and petitioner was adjudicated the child's father. In August 1988, respondent left the parties' residence in Rensselaer County and went to Maryland with the two children. Tom returned to petitioner and the parties agreed to a split custody arrangement in reference to Chay, which was reduced to a Family Court order and entered on April 24, 1989. The order provided, *inter alia,* for joint legal custody and alternating physical custody, with Chay spending six weeks in Maryland and four weeks in New York. The order was without prejudice to either party's position on a modification petition once Chay was of school age. On May 13, 1991, Family Court issued an order to show cause at the request of petitioner alleging that because Chay was now of school age, the prior order should be modified. Before respondent was served, a proceeding was commenced in Maryland by respondent with petitioner being served on May 28, 1991. Petitioner's motion in the Maryland court to dismiss the proceeding was denied. Respondent moved to dismiss petitioner's proceeding in Family Court and her motion was also denied. A hearing was subsequently held which resulted in a Family Court order granting petitioner primary physical custody. Respondent appeals.

Respondent first contends that Family Court did not have jurisdiction due to the modification proceeding pending in Maryland which was commenced prior to service of New York process. Petitioner argues that the order sought to be modified, which was entered in New York, provided for retention of jurisdiction even though Chay was going to be living in two States, absent an order divesting itself of jurisdiction. The fact that petitioner's motion to dismiss the proceeding pending in Maryland was denied is not determinative of the jurisdiction issue. Family Court properly conferred with the Maryland court before ruling on respondent's motion to dismiss and the Maryland court deferred to the exercise of jurisdiction by Family Court *(see, Matter of Walter v Walter,* 186 AD2d 881,

882-883; *Bloomfield v Bloomfield,* 170 AD2d 884, 885). Both courts agreed that the matters should be promptly adjudicated in New York. Family Court complied with the applicable provisions of the Uniform Child Custody Jurisdiction Act and properly retained jurisdiction *(see,* Domestic Relations Law § 75-g [3]; *see also,* Domestic Relations Law § 75-d [1] [b]; § 75-g [1]).

Respondent further contends that the determination placing primary physical custody of Chay with petitioner was error. It is well settled that the best interest of the child standard applies in any type of child custody proceeding *(see, Matter of Muzzi v Muzzi,* 189 AD2d 1022, 1023). Respondent argues that Family Court inappropriately placed weight on the separation of siblings factor under the circumstances of this case. Besides Chay (then age 4) and Tom (then age 10), the additional people residing with petitioner consisted of his fiancee, her son, Richard (then age 5) and Melody (then age 2), the daughter of petitioner and his fiancee. The presence of siblings is one factor to consider *(Matter of Sullivan v Sullivan,* 190 AD2d 852, 853, *lv denied* 81 NY2d 706) and separation is discouraged *(see, Matter of Bilodeau v Bilodeau,* 161 AD2d 906, 907). There is no basis and should be no basis to distinguish between whole and half-siblings. It depends on the circumstances of each individual case. It does not appear that Family Court placed any unreasonable emphasis on that one factor and, in any event, there is no clear evidence that Chay's best interest mandates primary physical custody with respondent. It is obvious from this record that Family Court had a very difficult decision to make because, fortunately, Chay has two very loving and caring parents. Family Court had the advantage of viewing the witnesses and hearing their testimony firsthand and, therefore, its determination is entitled to great deference *(see, Matter of Karen PP. v Clyde QQ.,* 197 AD2d 753). After careful review of the record in this case, we decline to disturb the custody award made by Family Court.

Finally, respondent's argument that Family Court abused its discretion in not conducting an in-camera interview with Chay is without merit. Family Court, based upon this record, carefully considered conducting an interview; however, after hearing arguments and receiving the recommendation of the Law Guardian, it declined to do so. Chay was less than five years old and the court had the discretion to weigh the asserted detriment to Chay with the benefit of this young child's input *(see, Smith v Finger,* 187 AD2d 711, 713, *lv*

*dismissed, lv denied* 82 NY2d 704; *Michael N. G. v Elsa R.,* 185 AD2d 174, 175, *lv denied* 81 NY2d 704). Certainly, the preferred practice is to have an interview; however, such a determination must be made on an individual case basis.

Mercure, Casey, Weiss and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.