■ In the Matter of DEBORAH GUADAGNO, Respondent, v ROBERT J. GUADAGNO, Appellant. [653 NYS2d 390] —Casey, J. Appeals (1) from an order of the Family Court of Delaware County (Estes, J.), entered November 1, 1995, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for sole custody of the parties' child, and (2) from an order of said court, entered October 31, 1995, from an order of protection.

At issue on these appeals is whether Family Court erred in its resolution of the parties' cross petitions for sole legal custody with physical custody of their young child. It is undisputed that the parties' inability to put their differences aside and act in a mature civilized fashion to share in the upbringing of their child required a change in the previously ordered joint legal custody (*see, Matter of Drummond v Drummond*, 205 AD2d 847).

To fulfill its responsibility to fashion an award of custody which is in the best interest of the child (*see, Eschbach v Eschbach*, 56 NY2d 167, 171), Family Court was required to consider many factors, including the quality and stability of the respective home environments and the past performance of each parent, as well as the relative fitness and ability of each parent to provide for and guide the child's intellectual and emotional development (*see, Matter of Perry v Perry*, 194 AD2d 837). Based upon our review of the record, we conclude that Family Court fulfilled its responsibility and we see no basis to disturb its factual findings (*see, Matter of Nicotera v Nicotera*, 222 AD2d 892).

Family Court concluded that although petitioner had problems, there was no evidence that she was unfit and the child had thrived when petitioner had physical custody. Finding that respondent had engaged in improper conduct, such as refusing to return the child to petitioner after visitation, telling petitioner that the child had died, and making threats and unfounded accusations, Family Court concluded that respondent's inability to cope with the parties' marital problems had impaired his judgment to the extent that his fitness to have custody of the child was adversely affected. Accordingly, Family Court awarded custody to petitioner, required supervision of respondent's visitation and issued an order of protection against respondent. Family Court's factual findings are supported by the record and its orders should be affirmed.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the orders are affirmed, without costs.