■ In the Matter of Kevin Carpenter, Respondent, v Lynda La May, Appellant. [659 NYS2d 943] —Casey, J. Appeal from an order of the Family Court of Warren County (Austin, J.), entered November 8, 1995, which, inter alia, denied respondent's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of custody.

Petitioner and respondent are the parents of a daughter born out of wedlock in 1992. On February 6, 1995, upon consent, Family Court awarded the parties joint custody with physical custody of the child to petitioner and supervised visitation to respondent. Two months later, arguing that there was a change in circumstances, respondent sought custody of the child. Thereafter, during the pendency of the proceeding, unsupervised visitation was temporarily ordered. At the conclusion of the hearing, including an in camera interview of the child and her half-brother, Family Court determined that joint custody was no longer appropriate, awarded petitioner sole custody and increased the amount of unsupervised visitation between respondent and the child. Respondent now appeals.

As in all custody matters, the primary consideration here is the best interest of the child (*see, Friederwitzer v Friederwitzer*, 55 NY2d 89, 94) and any modification of a preexisting custody arrangement will only be ordered upon a showing of a change in circumstances (*see, Matter of Karpensky v Karpensky*, 235 AD2d 594, 595; *Matter of Williams v Williams*, 188 AD2d 906, 907). In support of her contention that there has been a change in circumstances, respondent testified that she had stopped associating with people that are not good for her, she no longer used drugs or alcohol and she had a much better relationship with her children. Respondent's testimony, however, was not supported by any objective evidence. In addition, despite her claims that she is willing to attend regular counseling for her substance abuse problem, respondent admitted that she has not followed through with any of the recommended treatment.

Respondent also claims on appeal that petitioner has hindered her rights to visitation. We find, however, that most of the problems with visitation were due to lack of transportation as respondent does not have ready access to a vehicle and petitioner's license is temporarily suspended. There was also testimony that petitioner would not leave the child with respondent when she was in the company of her sister's husband. Although the record does not fully explain why this was not acceptable, respondent did not disagree with petitioner's decision on this one occasion. Nor was there any other evidence to demonstrate that petitioner willfully interfered with the relationship between respondent and the child such that her best interest was jeopardized (*cf., Matter of Gago v Acevedo*, 214 AD2d 565, 566, *lv denied* 86 NY2d 706; *Young v Young*, 212 AD2d 114).

While we also recognize that the separation of siblings is discouraged (*see, Matter of Ebert v Ebert*, 38 NY2d 700, 704;

*Matter of McGrath v Collins*, 202 AD2d 719, 720), Family Court properly balanced this factor against the fact that there was no change in circumstances, especially with regard to respondent's ability and fitness to care for the child. Furthermore, merely two months before respondent's application was filed and seven months before the hearing, the parties had mutually agreed to separate the children (*see, Matter of Schimler v Schimler*, 203 AD2d 580, 581).

While we agree with Family Court's decision to maintain the physical custody arrangement, and "mindful of the deference traditionally accorded [to] Family Court's findings" (*Matter of Brown v Skalwold*, 228 AD2d 749, 750, *lv dismissed* 89 NY2d 860), we nevertheless disagree with the court's conclusion that joint custody is inappropriate. The animosity here is not between respondent and petitioner, but between respondent and petitioner's girlfriend, who admittedly do not get along. Respondent testified that the parties can communicate and that petitioner is nice to her, as long as his girlfriend is not around. In fact, there was no evidence that the parties' relationship was any more antagonistic at the time of the hearing than it was when the February 1995 order was entered (*see, Matter of Risman v Linke*, 235 AD2d 861, 862). Any problems between respondent and petitioner's girlfriend should be resolved and should not interfere with respondent's right to have joint legal custody of the child.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the facts, without costs, by reversing so much thereof as awarded petitioner sole legal custody of the child, and, as so modified, affirmed.