■ In the Matter of CHERYL BETZ, Respondent, v WILLIAM BETZ, Appellant. [661 NYS2d 534] —In a family offense proceeding pursuant to Family Court Act article 8, William Betz appeals from an order of protection of the Family Court, Nassau County (Feiden, J.), dated May 20, 1996, which, after a hearing, directed him, *inter alia,* to stay away from the home of his wife and the parties' daughter except for visitation with the child.

Ordered that the order is affirmed, without costs or disbursements.

Although the order of protection issued to the wife has expired, "in light of the enduring consequences which may potentially flow from an adjudication that a party has committed a family offense * * * the appeal is not academic" *(Matter of Cutrone v Cutrone,* 225 AD2d 767, 768; *Matter of Bickwid v Deutsch,* 87 NY2d 862; *see also, Matter of Grossman v Grossman,* 238 AD2d 339). However, we find no basis to disturb the Family Court's finding that the appellant committed a family offense against his wife by assaulting her during the course of a domestic dispute. As the trier of fact, the Family Court's determination regarding the credibility of witnesses is entitled to great weight *(see, Matter of Tibichrani v Debs,* 230 AD2d 746; *Matter of Cutrone v Cutrone, supra),* and here the court's decision to credit the wife's testimony is supported by the record. Moreover, the court did not improvidently exercise its discretion in directing the appellant to stay away from the home of his wife and the parties' daughter except for visitation directed by the court or visitation agreed upon by the parties during the one-year period that the order of protection remained in effect *(see,* Family Ct Act § 842 [a]).

The appellant's remaining contentions are without merit. Miller, J. P., Friedmann, Krausman and Florio, JJ., concur.