■ In the Matter of TAMMY L. BLAIR, Respondent, v ROBERT G. BLAIR, JR., Appellant. [662 NYS2d 633] —Casey, J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered March 11, 1996, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of visitation/custody.

Petitioner and respondent are the parents of three children, Trevor (born in 1985), Amanda (born in 1986) and Kyle (born in 1991). In November 1991, six months after the parties separated, respondent was awarded custody of Trevor and Amanda and petitioner was awarded custody of Kyle. Although liberal visitation was granted to the respective noncustodial parent, very little visitation was exercised by either parent over the next three years. In September 1994, Trevor and Amanda moved in with petitioner at her mother's home in the

Town of Norfolk, St. Lawrence County, and respondent went to find a new place to live in the Town of Tully, Onondaga County. The circumstances under which Trevor and Amanda came to live with petitioner is unclear as the parties' accounts thereof are conflicting. Within three or four weeks, respondent came back to get the two children, but only Trevor went with him. Petitioner apparently hid Amanda from respondent based on complaints Amanda had made to school officials, soon after she moved in with petitioner, that respondent had engaged in inappropriate behavior with Amanda.

Contending that there has been a change in circumstances since the November 1991 order, petitioner commenced this proceeding in March 1995 seeking sole legal custody of Amanda. A fact-finding hearing was held after which Family Court granted petitioner's application. The court initially reserved decision on visitation but, upon further review, supervised visitation was ordered. Respondent now appeals.

While modification of an existing custody order should only be made upon a demonstration of a sufficient change in circumstances (*see, Matter of Karpensky v Karpensky*, 235 AD2d 594, 595; *Matter of Van Hoesen v Van Hoesen*, 186 AD2d 903), the primary consideration, as in all custody matters, remains the best interest of the child (*see, Matter of Haran-Buckner v Buckner*, 188 AD2d 705, 706). Determining what is in a child's best interest requires an inquiry into each parent's fitness, past performance, stability, home environment, financial standing and ability to guide the child's emotional and intellectual development (*see, Matter of De Losh v De Losh*, 235 AD2d 851, 852-854, *lv denied* 89 NY2d 813; *Matter of Salvati v Salvati*, 221 AD2d 541, 542, *appeal dismissed* 87 NY2d 954, *lv denied* 88 NY2d 803; *Matter of Belden v Keyser*, 206 AD2d 610, 611). Because evaluation of these factors is best made by Family Court, which had the opportunity to observe the witnesses and weigh their credibility (*see, Matter of De Losh v De Losh, supra,* at 852-853), its determination will not be disturbed on appeal unless it lacks a sound and substantial basis in the record (*see, Matter of Davis v Davis*, 240 AD2d 928, 929; *Matter of Hubbard v Hubbard*, 221 AD2d 807, 808).

During the three years that Amanda resided with respondent, they moved at least four times. From September 1994 until the hearing in this matter in December 1995, respondent has moved with Trevor several more times, causing him to be in at least three schools in a period of one year. One of these moves was from St. Lawrence County to South Carolina for only two months. Respondent gave no specific explanation, nor

does there appear to be any justification in the record, for most of these moves, especially since he is unemployed and not even seeking employment. Although his present home is suitable, there is no evidence in the record that he will stay for any length of time in one place as, at the time of the hearing, he had only lived in his present residence for a period of two or three months.

In contrast, petitioner has been living in the same place for a considerable length of time. Petitioner has kept Amanda enrolled in the same school, where she appears to be progressing. Despite the cluttered condition of the house, petitioner's home environment is very stable. On the days when petitioner works, she has arranged for after-school care with a neighbor, which includes all-day babysitting when needed. In addition, petitioner returned to school in 1993, where she received her graduate equivalency diploma, and has been working as a nurse's aide since November 1994. Although priority is usually given to the parent who was first awarded custody, the reason for this is to maintain stability in the child's life (*see, Matter of Salvati v Salvati*, 221 AD2d 541, 542, *supra*). Not only has Amanda been living with petitioner since September 1994 (*see, Matter of Diaz v Diaz*, 224 AD2d 614), but, as is evidenced above, respondent has led a rather nomadic lifestyle in which he has had no strong ties to one area. As a result, he has failed to demonstrate an interest in maintaining some stability for Amanda's benefit.

While it appears that respondent loves Amanda, we find that the totality of the circumstances fully supports Family Court's custodial determination and, therefore, it should not be disturbed. We also find no basis at this time to disturb the court's decision with respect to visitation. The record indicates that it is not a priority of respondent to notify petitioner of his changes in residence or to provide her with a telephone number where he and the children can be reached. Furthermore, supervised visitation not only assures the court and petitioner that Amanda will remain in petitioner's custody, but it assures that respondent will have regular rather than sporadic visitation as in the past.

Crew III, J. P., White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.