In the Matter of KAREN MACHUKAS, Respondent, v MARTIN G. WAGNER, JR., Appellant. (And Another Related Proceeding.) [667 NYS2d 817] —Cardona, P. J. Appeals (1) from an order of the Family Court of Tompkins County (Barrett, J.), entered November 13, 1996, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, to modify a prior order of custody, and (2) from an order of said court, entered November 13, 1996, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 8, for an order of protection.

Petitioner and respondent have one child, Jayson, who was born in 1993. Prior to February 1995, the parties and Jayson resided together with petitioner's 11-year-old son, Jonathan, from a previous marriage. After their separation, the parties each petitioned for sole custody of Jayson. In March 1995, they stipulated to joint custody with petitioner having primary physical custody and respondent liberal visitation. Shortly thereafter, the parties reconciled. In May 1995, a formal order was entered reflecting the parties' stipulation. The parties lived together until June 1996 when they permanently separated. Subsequently, respondent visited with Jayson every Wednesday from 5:00 P.M. until 9:00 P.M. and every weekend from Friday at 5:00 P.M. until Sunday at 5:00 P.M., in accordance with the terms of the prior order.

In July 1996, petitioner filed a family offense petition in Family Court seeking an order of protection based upon alleged mental and physical abuse perpetrated by respondent toward her and Jonathan. A temporary order of protection was issued prohibiting respondent from having any contact with petitioner or the two children. Respondent, in turn, sought to modify the order to allow him visitation with Jayson. In August 1996, petitioner filed an amended family offense petition. Family Court subsequently issued a temporary order permitting respondent supervised visitation with Jayson and, ultimately, issued an order, *inter alia*, allowing unsupervised visitation.

In October 1996, petitioner filed a petition seeking, *inter*

*alia,* modification of the prior order of custody and visitation based upon an alleged change in circumstances. Respondent served an answer and cross-petitioned for sole custody of Jayson. Following a fact-finding hearing, Family Court awarded sole custody of Jayson to petitioner and granted visitation to respondent in accordance with the terms of the prior order. The court also granted an order of protection against respondent in favor of petitioner and Jonathan. Respondent appeals from both orders.

Turning first to respondent's challenge to Family Court's custody order, it is well settled that the primary consideration in the resolution of custody matters is the best interest of the child (*see, Eschbach v Eschbach,* 56 NY2d 167, 171; *Matter of Maurer v Maurer,* 243 AD2d 989, 990-991). The inquiry requires an assessment of various factors including the quality of the respective parent's home environment, the length of time the present custody arrangement has been in effect and each parent's performance thereunder, as well as each parent's relative fitness and ability to guide and provide for the child's intellectual and emotional development (*see, Matter of De Losh v De Losh,* 235 AD2d 851, 852, *lv denied* 89 NY2d 813; *Matter of Guadagno v Guadagno,* 235 AD2d 854; *Matter of Alice A. v Joshua B.,* 232 AD2d 777, 779). Since Family Court is in the best position to observe the witnesses' demeanor and assess credibility, deference is accorded its factual findings unless they lack a sound and substantial basis in the record (*see, Matter of Blair v Blair,* 243 AD2d 758, 759; *Matter of De Losh v De Losh, supra,* at 852).

Moreover, where, as here, modification of an existing custody arrangement is sought, the party seeking the modification must demonstrate a sufficient change in circumstances (*see, Matter of Blair v Blair, supra,* at 759; *Matter of Carpenter v La May,* 241 AD2d 625, 626). "Although 'priority * * * is accorded the first award' " (*Matter of Carl J. B. v Dorothy T.,* 186 AD2d 736, 736, quoting *Friederwitzer v Friederwitzer,* 55 NY2d 89, 94), "it is * * * 'but one factor to be weighed by the court in deciding whether a change of custody is warranted' " (*Matter of Carl J. B. v Dorothy T., supra,* at 736-737, quoting *Eschbach v Eschbach, supra,* at 171). Notably, "where the first award is the result of a stipulation * * * it is entitled to less weight than a disposition after a plenary trial" (*Matter of Carl J. B. v Dorothy T., supra,* at 737).

In this case, the prior order providing for joint custody was entered pursuant to a stipulation of the parties after they had reconciled. The arrangement continued for over one year until

the parties' permanent separation in June 1996. After their separation, the parties had difficulty dealing with each other in a civilized manner. Petitioner filed a family offense petition alleging various acts of mental and physical abuse committed by respondent toward her and Jonathan. Circumstances had clearly changed from the time the prior order was entered. Furthermore, while conflicting testimony was presented at the hearing regarding each parent's fitness, we defer to Family Court's finding that petitioner was the primary caregiver. Although Family Court erroneously relied upon respondent's admission to certain allegations not contained in the modification petition, we conclude that, notwithstanding this error, the custody order has a sound and substantial basis in the record. Inasmuch as joint custody was no longer feasible, we find no reason to disturb Family Court's award of sole custody to petitioner.

Turning to the Law Guardian's involvement in the hearing, we emphasize that a Law Guardian representing a child must be afforded the same opportunity as any other party to fully participate in a proceeding. Therefore, while we agree that Family Court erred in denying the Law Guardian sufficient participation in the proceeding, we do not find, under the particular circumstances presented herein, that this constitutes reversible error (*see generally, Matter of Church v Church*, 238 AD2d 677, 678; *cf., Matter of Miller v Miller*, 220 AD2d 133; *Frizzell v Frizzell*, 177 AD2d 825). The Law Guardian was present during the entire hearing and Family Court complied with her request to take Jonathan's testimony in chambers. Notably, the Law Guardian does not seek reversal of Family Court's order awarding sole custody of Jayson to petitioner.

Turning next to petitioner's family offense petition, the allegations must be supported by a fair preponderance of the evidence in order to warrant the issuance of a protective order (*see, Matter of Kappel v Kappel*, 234 AD2d 872, 873; *see also, Matter of Karcher v Byrnes*, 232 AD2d 760, 761). In making the determination, Family Court's assessment of witness credibility is again entitled to great weight (*see, Matter of Betz v Betz*, 241 AD2d 519; *Matter of Smith v Antonio*, 239 AD2d 509; *Matter of Karcher v Byrnes, supra*, at 761). Here, the amended petition sets forth numerous acts of mental and physical abuse allegedly committed by respondent toward petitioner and Jonathan. While not all of the allegations were proven at the hearing, we conclude that the proof submitted was sufficient to support Family Court's issuance of the protective order. Petitioner testified that respondent attempted to strangle her

with a belt in the presence of the children and that, on another occasion, he threw her across a room causing her to hit her head on the couch. She stated that respondent punched her, pinched her, grabbed her and called her offensive names in the presence of the children. She also stated that she witnessed respondent slap Jonathan in the back of the head and call him offensive names. Likewise, Family Court considered the testimony of Jonathan and, although unsworn, it was taken in the presence of all counsel who had the opportunity to examine him (*see, Matter of Commissioner of Social Servs. [Zakheima M.] v Lorenzo M.*, 239 AD2d 498, 499; *Matter of Keith C.*, 226 AD2d 369, 370, *lv denied* 88 NY2d 807). Respondent denied the acts of physical abuse related by petitioner and Jonathan. Family Court, however, chose to credit the latter's testimony. Inasmuch as petitioner's proof was sufficient to establish by a fair preponderance of the evidence that respondent committed, at the very least, the family offense of harassment in the second degree (*see,* Family Ct Act § 812 [1]; Penal Law § 240.26 [1]), we find no reason to disturb the order of protection.

Mikoll, Crew III, White and Spain, JJ., concur. Ordered that the orders are affirmed, without costs.