■ In the Matter of ELIZABETH D. MILLETT, Respondent, v WILLIAM F. MILLETT, Appellant. [703 NYS2d 596] —Graffeo, J. Appeal from an order of the Family Court of Warren County (Austin, J.), entered May 26, 1998, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of custody and visitation.

After the parties' divorce, a Family Court order was entered in July 1996 granting the parties joint custody of their two sons, with petitioner having primary physical custody and respondent having visitation on alternate weekends. Petitioner commenced this proceeding in March 1997 seeking to modify the visitation order to limit respondent's visitation to Saturdays from 9:00 A.M. to 5:00 P.M., alleging that respondent mentally abused the children. At the conclusion of a hearing, Family Court determined that joint custody was no longer appropriate and found that unsupervised visitation with respondent was not in the best interests of the children. Accordingly, petitioner was awarded sole custody and respondent was limited to visitation as arranged by the children's therapist. Respondent now appeals.

It is axiomatic that the best interests of the children are paramount when determining custody issues (see, *Eschbach v Eschbach*, 56 NY2d 167; *Matter of Farnham v Farnham*, 252 AD2d 675). With respect to a proceeding seeking a modification of an established custody arrangement, however, it must be shown that a change of circumstances warrants an alteration

(*see, Matter of Reese v Jones*, 249 AD2d 676; *Matter of Karpensky v Karpensky*, 235 AD2d 594). In making this determination, the factors to be considered include the duration of the present custody arrangement, the relevant fitness of each parent and their respective ability to provide for the child's emotional and intellectual development (*see, Matter of Russo v Russo*, 257 AD2d 926, 927; *Matter of Machukas v Wagner*, 246 AD2d 840, *lv denied* 91 NY2d 813).

Here, the Law Guardian presented the testimony of a social worker who had been working with the children since early 1997 and who met individually with the boys every other week. She testified that one child had manifestations of obsessive compulsive disorder, anxiety, nightmares and bedwetting when she first began seeing him. He exhibited improvement, but his bedwetting and anxiety resurfaced after an incident in the school playground when he thought he saw respondent's car and became upset that respondent might be watching him. Additionally, the social worker noted that the children experienced further episodes of anxiety, such as when respondent declared that he was going to throw one son in the basement with rats.

Furthermore, the psychiatric evaluation of the entire family ordered by Family Court concluded that respondent was in need of mental health intervention and that he constantly involved the children in his preoccupation with past disputes. The psychiatrist opined that the best interests of the children necessitated that joint custody be terminated and respondent's visitation be supervised. Respondent was described as having a preoccupation with the alleged molestation of one of his sons by another child, whom respondent also blamed for his son's physical disabilities. A psychological report completed several years earlier indicated that respondent was paranoid and excessively controlling.

Initially, record evidence supports Family Court's determination that joint custody is inappropriate based on the fact that the parties are unable to sufficiently set aside their differences to enable them to share custody of their two sons (*see, Matter of Guadagno v Guadagno*, 235 AD2d 854). Ample proof demonstrates that respondent exposed the children to his preoccupation with the issue of molestation and engaged in conduct which caused both sons to suffer severe anxiety. In addition to the testimony of the psychiatrist and other mental health providers, the court also conducted an in camera interview of the children. Based on the foregoing and according substantial deference to Family Court's findings (*see, Matter of Donahue v Buisch*, 265 AD2d 601, 603-604; *Matter of Blair v*

*Blair*, 243 AD2d 758, *lv denied* 91 NY2d 804), the record reflects a sound and substantial basis for Family Court's decision to discontinue the joint custodial arrangement.

Although Family Court's determination that visitation be supervised is also supported by the record (*see generally*, *Matter of Krywanczyk v Krywanczyk*, 236 AD2d 746), that portion of the order which directs that respondent's "rights of visitation and other contacts with the children" will be arranged by the children's therapist inappropriately delegates the authority to determine the best interests of the children in structuring supervised visitation to a therapist (*see*, *Matter of Sullivan County Dept. of Social Servs. v Richard C.*, 260 AD2d 680, 683, *lv denied* 93 NY2d 958; *Gadomski v Gadomski*, 256 AD2d 675, 677). This matter, therefore, is remitted to Family Court to address the nature and frequency of the supervised contacts between respondent and the children.

Mercure, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by deleting the second decretal paragraph regarding respondent's rights of visitation; matter remitted to the Family Court of Warren County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.