■ KIMBERLY REISLER, Respondent, v GEOFFREY PHILLIPS, Appellant. [723 NYS2d 656] —Order, Supreme Court, New York County (Joan Lobis, J.), entered on or about January 9, 2001, which, *inter alia*, denied defendant's motion to dismiss this ac-

tion for lack of subject matter jurisdiction, unanimously affirmed, without costs.

The parties were married in New York on October 2, 1994 and have one child. On August 15, 1998, they moved to California where they were divorced pursuant to a California judgment of dissolution dated July 1, 1999. Prior to the divorce judgment, the parties entered into a written agreement to relocate, separately, to New York by July 15, 2000. A final joint custody decree was duly entered soon thereafter. Plaintiff mother commenced the instant New York action for marital distribution and custody modification on September 29, 2000, two months after leaving California.

Contrary to defendant's arguments, the New York court had jurisdiction to make a custody determination. The record establishes in this connection that the California court, where the parties' custody proceeding had been pending, declined to retain the case on forum non conveniens grounds, and that, in view of the parties' substantial connections to New York, where the parties were married, the child was born, and the parties presently reside and work, it was in the child's best interest for the New York court to assume jurisdiction of the matter. Thus, after communicating with the California court in satisfaction of the requirement of Domestic Relations Law § 75-g (*see, Matter of McGrath v Collins*, 202 AD2d 719), the New York court properly exercised jurisdiction pursuant to Domestic Relations Law § 75-d (1) (d). Moreover, under the circumstances presented, in which the "home" state had declined to retain jurisdiction, the Parental Kidnaping Prevention Act (28 USC § 1738A) did not bar the New York court from assuming jurisdiction of the matter pursuant to Domestic Relations Law § 75-d (1) (b). Concur—Rosenberger, J. P., Nardelli, Andrias and Saxe, JJ.