■ In the Matter of JULIE CARNRIKE, Appellant, v JASON D. KASSON, Respondent. [737 NYS2d 432] —Mugglin, J. Appeal from an order of the Family Court of Tioga County (Sgueglia, J.), entered April 24, 2000, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody order.

Petitioner is the mother and respondent is the father of a daughter born in 1995. Pursuant to an order entered in August 1998, the parties shared legal and physical custody on a 50-50 basis, the child going from one home to the other every Saturday. In the modification petition which commenced the instant proceeding, petitioner alleged changes in circumstances including that, inter alia, the local Sheriff's Department and Child Protective Services were investigating the belief that respondent sexually abused the child, respondent misused alcohol, the child "will begin school next fall" and, because respondent works over 60 hours a week, the child spends more time with her paternal grandmother than respondent. As a result, petitioner sought to have the child's primary physical residence be at her home and that respondent have only supervised visitation. Respondent cross-petitioned seeking full physical custody, contending that petitioner intentionally made false allegations of sexual abuse and alcohol misuse and petitioner was unfit to care for the child due to ongoing medical and mental difficulties.

Family Court's temporary order granted the relief sought by petitioner and, for the ensuing two months, respondent received only supervised visitation with his daughter. The court rescinded the temporary order based on the Law Guardian's application. On March 1, 2000, respondent filed a petition alleging that petitioner violated the custody order that was reinstated. Thereafter, on April 11, 2000, a fact-finding hearing was held and, by order dated April 21, 2000, Family Court awarded sole physical custody to respondent with liberal visitation to petitioner. Petitioner appeals.

To warrant modification of a preexisting custodial arrangement, the trial evidence must show a " 'sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child' " (*Matter of Von Dwingelo v Von Dwingelo*, 279 AD2d 663, 664, quoting *Matter of Van Hoesen v Van Hoesen*, 186 AD2d 903; *see, Matter of Carpenter v La May*, 241 AD2d 625, 626). Petitioner asserts that contrary to Family Court's finding, the expected entrance of the child into kindergarten in the fall of 2000 is not a significant change of circumstances* which would warrant a best interest analysis for the child. Petitioner's assertions are belied by the record. After noting that the major change would be the child's entry into kindergarten, Family Court stated, "And it seems to me that that change in circumstances, *as well as all the other changes that have been testified to here today*, warrant that a primary residence be established for [the child]" (emphasis supplied). We have previously recognized that where the parties do not dispute that the child's entrance in school is a change in circumstances, a best interest analysis may proceed (*see, Matter of Berghorn v Berghorn*, 273 AD2d 595, 596).

Although petitioner's position on appeal appears to be contrary to her position before Family Court, we need not be detained over whether the parties dispute this issue, as the record reflects other, more serious, changes in circumstances. Petitioner accuses respondent of sexually abusing the child and of lacking necessary parenting skills. Respondent accuses petitioner of intentionally attempting to destroy his relationship with the child and accuses her of being unfit to parent the child. The record details the complete lack of any ability of the parties to communicate with each other concerning the needs of the child. Their relationship having seriously deteriorated, a joint custodial arrangement does not advance the best interest of the child and, in itself, constitutes a sufficient change in circumstances warranting modification (*see, Matter of Jemmott v Jemmott*, 249 AD2d 838, 839, *lv denied* 92 NY2d 809; *Matter of Fedash v Neilsen*, 211 AD2d 1003, 1004).

With respect to petitioner's appellate argument that sexual abuse is the only serious issue in the case, we need only note that, despite the allegations in the petition and despite petitioner having taken the child to at least six doctors for examination, petitioner called no witness from the Sheriff's Department or Child Protective Services, nor any doctor to testify that the child had been sexually abused. Moreover,

---

* We note the irony of this argument in light of the allegation in her petition that the child's entry into kindergarten is a change of circumstances.

petitioner stipulated with respondent that the doctor who examined the child at the request of the Law Guardian, if called, would testify that he found no evidence of sexual abuse.

In awarding sole legal and primary physical custody to respondent, the record reflects that Family Court applied the best interest test enunciated in *Eschbach v Eschbach* (56 NY2d 167, 171) and the relevant factors found in *Ulmer v Ulmer* (254 AD2d 541, 542). In this regard, the record reflects that petitioner failed to promote educational opportunities for the child by failing to take the child to Head Start as promised, failing to create her own daycare facility as promised and failing to take the child to a private preschool although respondent had paid the tuition. The record further reflects that petitioner suffers from mood and seizure disorders and that these seizures can result in blackouts, even when she is operating an automobile. The record also reflects that petitioner has had at least four jobs within a short period of time and that she purposely interfered with respondent's visitation with the child.

In contrast, the record reflects that respondent provides a stable home environment, he lives in close proximity to his mother and grandmother, both of whom help care for the child, he is financially secure and has maintained the same employment for the past seven years and his attitude reflects a dedication to the proper rearing and education of the child. Moreover, he has evidenced a willingness to provide petitioner with visitation with the child. Under these circumstances, and according due deference to the findings of Family Court (*see, Matter of Blair v Blair*, 243 AD2d 758, 759, *lv denied* 91 NY2d 804), we conclude that the award of sole, legal and primary physical custody to respondent has a sound and substantial basis in the record and is in the best interest of the child.

We have examined respondent's and the Law Guardian's request for sanctions against petitioner and decline, under the circumstances of this case, to award them.

Peters, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.