In the Matter of Louis Hart, Sr., Respondent, v Allie F. Hart, Appellant. [817 NYS2d 762]—

Spain, J. Appeal from an order of the Supreme Court (Main, Jr., J.), entered October 13, 2005 in Franklin County, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.

In July 2005, petitioner commenced this Family Ct Act article 8 family offense proceeding in Family Court against respondent, his wife, alleging, among other things, that in early March of that year she had beaten him in their apartment where their five children were also present. The proceeding was removed to Supreme Court and a fact-finding and dispositional hearing was held at which both parties testified. Supreme Court found that respondent had committed a family offense, issued an order of protection in favor of petitioner and placed respondent on probation for one year (*see* Family Ct Act § 841 [c], [d]; § 842). Respondent appeals, and we affirm.

Respondent's sole contention on appeal is that Supreme Court's determination was not supported by the evidence, primarily premised upon claims that the court abused its discre-

**2.** Of course, there was no need for such notification if no action was pending (*see* CPL 190.50 [5] [a]).

tion in crediting petitioner's testimony regarding the March 2005 incident. Issuance of a protective order requires petitioner's family offense allegations to be supported by a fair preponderance of the evidence (*see Matter of Machukas v Wagner*, 246 AD2d 840, 842 [1998], *lv denied* 91 NY2d 813 [1998]; *see also* Family Ct Act § 832), and the trial court's credibility assessments are "entitled to great weight" (*Matter of Machukas v Wagner, supra* at 842).

Petitioner testified that respondent became violent after he disconnected the Internet service and removed the modem from their home and the dispute escalated for several days until respondent attacked him, punching and kicking him until he retreated into his bedroom and barricaded the door. The next day, respondent took the children and moved out into another apartment. Respondent testified, denying ever assaulting petitioner.

After noting that portions of each parties' testimony lacked credibility and dismissing all of the allegations in the petition except the one pertaining to this incident, Supreme Court credited petitioner's account and found that respondent had attacked petitioner on the day in question. We find no basis upon which to disturb the court's finding, or its determination that petitioner established the need for an order of protection against respondent.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.