■ In the Matter of Dorothy R. Corey, Respondent, v Robert P. Corey, Sr., Appellant. (Proceeding No. 1.) In the Matter

of Robert P. Corey, Sr., Appellant, v Dorothy R. Corey, Respondent. (Proceeding No. 2.) [836 NYS2d 325]—

Rose, J. Appeals (1) from an order of the Family Court of Broome County (Charnetsky, J.), entered January 5, 2006, which, inter alia, granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 8, for an order of protection, and (2) from an order of said court, entered June 9, 2006, which partially granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 8, to modify the order of protection.

Petitioner in proceeding No. 1 (hereinafter the wife) and respondent in proceeding No. 1 (hereinafter the husband) were married in 1961 and have lived separately since 1989. In September 2005, the wife agreed to permit the husband and his girlfriend to live for two weeks in a basement apartment in her home. As a result of verbal abuse by the husband, the wife's fear for her safety and the husband's refusal to leave the home as agreed, the wife commenced proceeding No. 1 alleging a family offense. Following a hearing, Family Court found that the husband's course of conduct toward the wife constituted harassment in the second degree as described in Penal Law § 240.26 (3) and granted her an order of protection. Upon the husband's subsequent application, Family Court modified the order, but did not rescind it.

The husband's sole contention on appeal is that Family Court erred in issuing the orders of protection because the evidence at the hearing on the wife's petition was insufficient to establish the crime of harassment in the second degree. We disagree. The wife testified that the husband refused to leave her home after the agreed duration of his residence there, threatened to break down the doors of her home if she attempted to bar his entry, and repeatedly became enraged and directed obscenities at her and his girlfriend so that she feared for her safety and that of her six-year-old grandson. The wife explained that her fear was justified by past verbal and physical abuse by the husband, and by his girlfriend's report that he had assaulted her while they were in the wife's home. Giving deference to Family Court's assessment of witness credibility (*see Matter of De La Cruz v Colon,*

16 AD3d 496, 496 [2005]; *Matter of Kappel v Kappel*, 234 AD2d 872, 873 [1996]), we perceive no basis upon which to disturb the court's determination that, in circumstances where physical abuse reasonably appeared likely, the husband had seriously annoyed and alarmed the wife for no legitimate purpose on more than one occasion (*see* Penal Law § 240.26 [3]; *see e.g. Matter of Machukas v Wagner*, 246 AD2d 840, 842 [1998], *lv denied* 91 NY2d 813 [1998]; *Matter of Betz v Betz*, 241 AD2d 519, 519 [1997]; *see also People v Maloney*, 233 AD2d 681, 682 [1996]). Nor is there merit in the husband's contention that his spoken obscenities and threats constituted speech protected under the First Amendment. While obscenities alone may not constitute criminal conduct (*see People v Dietze*, 75 NY2d 47, 51 [1989]), we find that the verbal acts made in the context described by the wife were not constitutionally protected (*see e.g. People v Brown*, 13 AD3d 667, 668 [2004], *lvs denied* 4 NY3d 742 [2004], 4 NY3d 884 [2005]; *Matter of Ivan F.*, 233 AD2d 210, 211 [1996]).

Crew III, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.