In the Matter of AMANDA L. HARRINGTON, Respondent, v JOHN D. HARRINGTON, II, Appellant. In the Matter of JOHN D. HARRINGTON, II, Appellant, v AMANDA L. HARRINGTON, Respondent. [881 NYS2d 737]—

Appeal from an order of the Family Court, Steuben County (Joseph W. Latham, J.), entered July 14, 2008 in proceedings pursuant to Family Court Act articles 6 and 8. The order, among other things, awarded petitioner-respondent sole custody of the parties' two children.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent-petitioner father appeals from an order that awarded petitioner-respondent mother sole custody of the parties' two children and granted the mother permission for the children to relocate with her to Troy, New York. We reject the father's contention that Family Court failed to consider the best interests of the children in determining that the mother is entitled to sole custody of the children. The court's determination has a sound and substantial basis in the record and should not be disturbed (*see generally Matter of Jennifer L.B. v Jared R.B.*, 32 AD3d 1174, 1175 [2006]; *Matter of Carl G. v Oneida County Dept. of Social Servs.*, 24 AD3d 1274, 1275 [2005]). We note in particular that the mother was gainfully employed in Troy, New York and provided the children with a stable home environment, while the father had no gainful employment, and it was unlikely that he could provide a stable home environment.

We also reject the father's contention that the court erred in granting the family offense petition filed by the mother. The record establishes that the mother met her burden of establishing by a preponderance of the evidence that the father engaged in acts constituting the crimes of disorderly conduct and attempted assault (*see Matter of Danielle S. v Larry R.S.*, 41 AD3d 1188, 1189 [2007]), thus warranting the order of protection issued by the court. The court's mandates therein that the father stay away from the mother and the children for two years with the exception of visitation periods, that the father refrain from contacting the mother with the exception of written communications for the purpose of facilitating visitation, and that he refrain from engaging in behaviors that would place the safety of the mother or the children at risk were reasonably designed to "advance the purpose of 'attempting to stop the violence, end the family disruption and obtain protection' " (*Matter of Mitchell v Muhammed*, 275 AD2d 783 [2000], quoting Family Ct Act § 812 [2] [b]), and were in the best interests of the children (*see id.*). Present—Scudder, P.J., Fahey, Peradotto, Carni and Green, JJ.