# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1054**
**CAF 10-02459**
PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, SCONIERS, AND GREEN, JJ.

---

IN THE MATTER OF AVIS M. BECK,
PETITIONER-RESPONDENT,

V                                                         MEMORANDUM AND ORDER

ROBERT LEONARD BUTLER, RESPONDENT-APPELLANT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR RESPONDENT-APPELLANT.

SHIRLEY A. GORMAN, BROCKPORT, FOR PETITIONER-RESPONDENT.

--------------------------------------------------------------------------------

Appeal from an order of the Family Court, Ontario County (Maurice E. Strobridge, J.H.O.), entered November 24, 2010 in a proceeding pursuant to Family Court Act article 8. The order of protection, among other things, directed respondent to stay away from petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 8, respondent contends that Family Court erred in determining that he committed a family offense against petitioner. We reject that contention. "The court's 'assessment of the credibility of the witnesses is entitled to great weight, and the record supports the court's finding that petitioner was a more credible witness than respondent' " (*Matter of Threet v Threet*, 79 AD3d 1743). The record also supports the court's determination that petitioner met her burden of establishing by a preponderance of the evidence that respondent committed the family offense of harassment in the second degree (Penal Law § 240.26 [3]; *see Matter of Corey v Corey*, 40 AD3d 1253, 1254-1255; *see also Matter of Harrington v Harrington*, 63 AD3d 1618, 1619, *lv denied* 13 NY3d 705). Respondent verbally abused and threatened petitioner throughout a single day, and respondent left numerous threatening messages on petitioner's cellular phone that were played for the court (*see e.g. Matter of Amber JJ. v Michael KK.*, 82 AD3d 1558, 1559-1560; *Matter of Boulerice v Heaney*, 45 AD3d 1217, 1218-1219). Further, the "prior experience [of petitioner] with [respondent's] assaultive behavior made the threats credible" (*Matter of Cukerstein v Wright*, 68 AD3d 1367, 1369). Although "obscenities alone may not constitute criminal conduct . . ., we [conclude] that the verbal acts made in the context described by [petitioner] were not constitutionally protected" (*Corey*, 40 AD3d at 1255; *see People v Brown*, 13 AD3d 667, 668, *lv denied* 4 NY3d 742, 884).

Finally, we reject respondent's contention that the court abused its discretion in issuing a stay away order of protection (*see* Family Ct Act § 812 [2] [b]; § 842 [a]; *see generally Matter of Amy SS. v John SS.*, 68 AD3d 1262, 1264, *lv denied* 14 NY3d 704; *Harrington*, 63 AD3d at 1619).

Entered:  September 30, 2011                    Patricia L. Morgan
                                                Clerk of the Court