Matter of Wilson v Wilson (2019 NY Slip Op 01462)





Matter of Wilson v Wilson


2019 NY Slip Op 01462


Decided on February 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 28, 2019

526040

[*1]In the Matter of MARLA WILSON, Respondent,
v
ROBERT WILSON, Appellant.

Calendar Date: January 9, 2019

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Rumsey, JJ.


Renee J. Albaugh, Hamden, for appellant.
Michael J. Mucci II, Binghamton, for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered November 21, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, finding respondent to have committed family offenses, and issued an order of protection.
The parties are married and resided together until February 2017, when petitioner told respondent to leave the marital residence due to his drug use. Petitioner filed for divorce and commenced this family offense proceeding soon after, alleging that respondent committed acts from November 2016 through February 2017 that constituted various family offenses (see Family Ct Act § 812 [1]). Family Court issued a series of temporary orders of protection on behalf of petitioner. Following a hearing, Family Court determined that respondent had committed the alleged family offenses and issued a two-year order of protection in petitioner's favor. Respondent now appeals.
It was incumbent upon petitioner, as the party seeking an order of protection, to show by a preponderance of the evidence that respondent committed one or more family offenses (see Family Ct Act § 832; Matter of Kevin F. v Betty E., 154 AD3d 1118, 1122 [2017]; Matter of David ZZ. v Michael ZZ., 151 AD3d 1339, 1340 [2017]). Petitioner testified that respondent's crystal methamphetamine habit and related issues caused marital disputes that escalated over the fall of 2016. Respondent referred to petitioner in vulgar terms during these disputes and, in two of them, grabbed her and pinned her in place while demanding that she listen to him. Petitioner stated that, in a particularly heated altercation on Christmas Eve 2016, respondent pushed her onto a bed, clambered on top of her and punched a hole in the wall after she kicked him away. She also explained why she commenced this proceeding after respondent left the marital residence in February 2017, recounting an upsetting late-night encounter in which he returned home to retrieve some clothing and angrily confronted her. Respondent failed to dispute much of this and, in fact, testified that he had physically restrained petitioner and punched a wall in the course of their arguments. Family Court implicitly found that respondent harbored an intent to [*2]annoy, harass or alarm when he did so and, deferring to that credibility assessment, we agree with it that petitioner sufficiently showed respondent to have committed, at the very least, the family offense of harassment in the second degree (see Family Ct Act § 812 [1]; Penal Law § 240.26 [1], [3]; Matter of Vincent X. v Christine Y., 151 AD3d 1229, 1229-1230 [2017]; Matter of Christina KK. v Kathleen LL., 119 AD3d 1000, 1002 [2014]; Matter of Melissa K. v Brian K., 72 AD3d 1129, 1133 [2010]). Thus, even if petitioner failed to establish the commission of all the alleged family offenses, Family Court properly granted the petition, and we perceive no reason to disturb the ensuing order of protection (see Matter of Hart v Hart, 31 AD3d 846, 847 [2006]).
Egan Jr., J.P., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.