■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE L. McPHERSON, Appellant. [819 NYS2d 366]—

Peters, J. Appeal from a judgment of the Supreme Court (Lawliss, J.), rendered March 17, 2005 in Clinton County, upon a verdict convicting defendant of the crime of criminal contempt in the second degree.

A temporary order of protection prohibiting defendant from having contact with his ex-wife's current husband (the victim) was issued in October 2004. Shortly thereafter, defendant confronted and verbally assailed the victim in a parking lot. Following a jury trial, defendant was convicted of criminal contempt in the second degree and sentenced to 30 days in jail and three years of probation. Supreme Court further issued a three-year order of protection in favor of the victim. Defendant appeals.

Defendant's conviction is based upon his violation of Penal Law § 215.50 (3) which provides, in relevant part, as follows: "A person is guilty of criminal contempt in the second degree when he [or she] engages in . . . [i]ntentional disobedience or resistance to the lawful process or other mandate of a court except in cases involving or growing out of labor disputes as defined by subdivision two of section seven hundred fifty-three-a of the judiciary law." Defendant contends that pursuant to this Court's prior decisions, the information filed against him is jurisdictionally defective due to the People's failure to allege that the incident did not involve a labor dispute (*see People v Shaver*, 290 AD2d 731 [2002]; *People v Kirkham*, 273 AD2d 509 [2000]). However, it is now settled that the failure to include language

regarding the labor dispute provision of Penal Law § 215.50 (3) in the charging instrument does not render it jurisdictionally defective (*see People v Santana*, 7 NY3d 234 [2006]; *People v D'Angelo*, 284 AD2d 146, 146 [2001], *affd* 98 NY2d 733 [2002]). As recently elucidated by the Court of Appeals, the language excluding cases involving labor disputes requires the conduct to be assessed by reference to statutory provisions outside of the Penal Law and, therefore, it is more accurately construed as a proviso, which may be raised as a defense, rather than an exception, which must be pleaded by the People (*see People v Santana, supra; see also People v Kohut*, 30 NY2d 183, 187 [1972]; *People v D'Angelo, supra* at 146; *People v Taylor*, 256 AD2d 647, 648 [1998]).

Nor do we find error in the denial of defendant's motion to dismiss. The People's failure to present evidence negating the existence of a labor dispute did not render the evidence legally insufficient to support the verdict. The evidence presented at trial, viewed in a light most favorable to the People, sufficiently established defendant's intentional violation of the order of protection when he engaged in a verbal assault of the victim (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Gorham*, 17 AD3d 858, 859 [2005]). Having considered and rejected defendant's remaining arguments, including his challenge to the severity of his sentence (*see People v Rivera*, 24 AD3d 1033, 1033-1034 [2005]; *People v Hanrahan*, 9 AD3d 689, 689 [2004]), we affirm.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the Supreme Court for further proceedings pursuant to CPL 460.50 (5).