THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANNON JONES, Appellant. [881 NYS2d 256]—

Appeal from a judgment of the Wayne County Court (John B. Nesbitt, J.), rendered February 7, 2008. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the first degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of two counts of criminal contempt in the first degree (Penal Law § 215.51 [c]), defendant contends that the evidence is legally insufficient to support the conviction because the indictment alleged that defendant intentionally disobeyed orders of protection that did not arise from a labor dispute and the People failed to present evidence that the orders of protection did not arise from a labor dispute. We reject that contention. "[T]he 'labor disputes' clause [of Penal Law § 215.50 (3)] operates as a proviso that the [defendant] may raise in defense of the charge" (*People v Santana*, 7 NY3d 234, 237 [2006]). Here defendant did not timely raise the issue, nor would it have been appropriate to do so because the orders of protection state that they were issued pursuant to CPL 530.12, which concerns orders of protection for victims of family offenses. Thus, contrary to defendant's contention, the evidence is legally sufficient to establish that the orders of protection did not arise from a labor dispute.

We agree with defendant, however, that County Court erred in refusing to suppress his statement to the police concerning an allegedly false birth date. The officer who testified at the suppression hearing failed to provide "some articulable basis" for his stop of the vehicle in which defendant was a passenger inasmuch as he did not testify that he had a reasonable suspicion that the driver or occupants of the vehicle had committed, were committing, or were about to commit a crime or a traffic violation (*People v Spencer*, 84 NY2d 749, 753 [1995], *cert denied* 516 US 905 [1995]; *see People v Hoglen*, 162 AD2d 1036, 1037-1038 [1990], *lv dismissed* 76 NY2d 987 [1990]). We nevertheless conclude that the error is harmless, because the court dismissed the false personation count and the officer's testimony was merely cumulative with respect to the criminal contempt counts (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). We have considered defendant's remaining contention and conclude that it is without merit. Present—Hurlbutt, J.P., Centra, Peradotto, Carni and Gorski, JJ.