■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM KAOUS, Appellant. [5 NYS3d 65]—

Judgment, Supreme Court, New York County (Patricia Nunez, J.), rendered May 23, 2013, as amended June 5, 2013, convicting defendant, after a jury trial, of criminal contempt in the second degree, and sentencing him to a term of one year, unanimously affirmed.

The court correctly concluded that criminal contempt in the second degree (Penal Law § 215.50) is a lesser included offense of criminal contempt in the first degree (Penal Law § 215.51), and it properly granted the People's request to submit second-

degree contempt to the jury. Defendant's argument to the contrary is based on the "labor disputes" clause in Penal Law § 215.50, which does not appear in Penal Law § 215.51. Defendant argues that as a result, the statutory definition of a lesser included offense is not satisfied, because it is possible for a person to commit first-degree criminal contempt but not "concomitantly commit[ ], by the same conduct," second-degree contempt (CPL 1.20 [37]). This would be the case where, with the mental state required for first-degree criminal contempt, a person violates an order of protection arising out of a labor dispute.

Defendant's argument is contradicted by *People v Santana* (7 NY3d 234 [2006]), which held that "the reference to 'labor disputes' in the second-degree criminal contempt statute [does not] . . . create[ ] an exception that must be affirmatively pleaded as an element in the accusatory instrument, [but] rather . . . a proviso that need not be pleaded but may be raised by the accused as a bar to prosecution or a defense at trial" (*id.* at 236). While *Santana* addressed the adequacy of an accusatory instrument charging second-degree contempt, and did not involve a lesser included offense issue, the premise underlying the Court's holding controls here. The *Santana* Court determined that the labor disputes clause does not constitute a statutory element of the crime, and therefore that it did not have to be pleaded in the information. Here, the premise that the clause does not give rise to a statutory element undermines defendant's argument that it is possible to commit first-degree contempt without committing second-degree (*see People v Mingo*, 66 AD3d 1043 [2d Dept 2009], *lv denied* 14 NY3d 843 [2010]).

The court properly exercised its discretion in denying defendant's CPL 210.40 motion to dismiss the indictment in furtherance of justice. There is no "compelling factor" (CPL 210.40 [1]) that would warrant that "extraordinary remedy" (*People v Moye*, 302 AD2d 610, 611 [2d Dept 2003]). In particular, the offense was serious in that defendant disobeyed a court order designed to protect his wife from harm. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Clark and Kapnick, JJ.