*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    April 7, 2016                     520072
_____

In the Matter of FRANK ROGERS
    JR.,
                    Respondent,

        v                                         MEMORANDUM AND ORDER

CATHY PHILLIPS,
                    Appellant.
_____

Calendar Date:   February 16, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____

        Patrick A. Perfetti, Cortland, for appellant.

        Frank Rogers Jr., Owego, respondent pro se.

_____

Egan Jr., J.

        Appeal from an order of the Family Court of Tioga County
(Keene, J.), entered October 7, 2014, which granted petitioner's
application, in a proceeding pursuant to Family Ct Act article 8,
for an order of protection.

        In July 2014, petitioner commenced this Family Ct Act
article 8 proceeding against respondent, his former girlfriend,
alleging that she committed the family offense of harassment in
the first or second degree by, among other things, prying open
the gas tank door on his vehicle, ripping off the gas cap and
pouring a handful of dirt into the tank.  Following a hearing,
Family Court found that respondent committed the family offense
of harassment in the second degree and issued a one-year no-
contact order of protection in favor of petitioner.  This appeal

by respondent ensued.[1]

Respondent does not challenge the sufficiency of the evidence adduced at the hearing but, rather, contends only that petitioner failed to negate what she characterizes as the statutory exception set forth in Penal Law § 240.26.  Insofar as is relevant here, "[a] person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person . . . [h]e or she engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose" (Penal Law § 240.26 [3]).  The statute further provides that the cited subdivision "shall not apply to activities regulated by the national labor relations act, as amended, the railway labor act, as amended, or the federal employment labor management act, as amended" (Penal Law § 240.26 [footnotes omitted]).  Respondent contends that this exclusionary language constitutes an exception and, therefore, petitioner's failure to plead and negate this "element" of harassment in the second degree renders the family offense petition jurisdictionally defective.  We disagree.

"The general rule regarding statutory crimes is that 'exceptions must be negatived by the prosecution and provisos utilized as a matter of defense'" (People v Adekoya, 50 Misc 3d 99, 102 [2015], quoting People v Devinny, 227 NY 397, 401 [1919]).  In attempting to distinguish between exceptions and provisos, courts will look to whether the defining statute "contains as part of its enacting clause an exception to the effect that under certain circumstances the offense is not to be considered as having been committed" (People v Sylla, 7 Misc 3d 8, 12 [2005], lv denied 4 NY3d 857 [2005]; see People v Santana,

---

[1]  Although the underlying order of protection expired by its own terms on October 6, 2015, respondent's appeal is not moot in light of the "enduring legal and reputational consequences" that may flow from a contested order of protection (Matter of Veronica P. v Radcliff A., 24 NY3d 668, 673 [2015]; accord Matter of Jazmyne II. [Meagan JJ.–Frank MM.], 135 AD3d 1090, 1091 [2016]; see Matter of Elizabeth X. v Irving Y., 132 AD3d 1100, 1101 [2015]).

7 NY3d 234, 236-237 [2006]), in which case a true exception generally will be found, or whether the exception arises either by way of a statutory amendment or reference to a statute outside of the Penal Law, in which case the exception generally will be regarded as a proviso (see People v Santana, 7 NY3d at 236-237; People v McPherson, 32 AD3d 558, 559 [2006], lv denied 7 NY3d 868 [2006]; People v Sylla, 7 Misc 3d at 12).

As originally enacted, Penal Law § 240.26 did not contain the exclusionary language at issue; such language was added when the statute was amended in 1994 (see L 1994, ch 109, § 1) to "clarif[y] that activities protected by certain federal labor statutes are not included within the definition of harassment" (Governor's Approval Mem, Bill Jacket, L 1994, ch 109, at 7). Further, as a review of the statute itself makes clear, application of the exclusionary language requires reference to numerous federal statutes outside of the Penal Law. Under these circumstances, the language excluding certain labor activities or disputes from the definition of harassment in the second degree "is more accurately construed as a proviso, which may be raised as a defense [by the charged party], rather than an exception, which must be [affirmatively] pleaded" and negated by the charging party (People v McPherson, 32 AD3d at 559; cf. People v Santana, 7 NY3d at 237; People v Kaous, 126 AD3d 440, 441 [2015]; People v Mingo, 66 AD3d 1043, 1044-1045 [2009], lv denied 14 NY3d 843 [2010]; People v Jones, 63 AD3d 1643, 1643 [2009], lv denied 13 NY3d 746 [2009]). Accordingly, respondent's claim that the petition was jurisdictionally defective lacks merit.

McCarthy, J.P., Lynch, Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court