*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 29, 2016                521951
_____

In the Matter of MARIANNA K.,
                    Respondent,

        v
                                        MEMORANDUM AND ORDER
DAVID K.,
                    Appellant.


_____

Calendar Date:  November 21, 2016

Before:  McCarthy, J.P., Lynch, Rose, Clark and Aarons, JJ.

_____


        Dana L. Salazar, East Greenbush, for appellant.

        Karen R. Crandall, Glenville, attorney for the children.

_____


Aarons, J.

        Appeal from an order of the Family Court of Schenectady
County (Polk, J.), entered October 23, 2015, which granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 8, for an order of protection.

        Petitioner and respondent are the married parents of two
children (born in 2008 and 2009).  The parties separated in 2014
and, in February 2015, petitioner commenced this proceeding
alleging that respondent committed certain family offenses.
Following a fact-finding hearing, Family Court found in its May
2015 oral decision that respondent committed, among other things,
the family offense of harassment in the second degree.  Following
a dispositional hearing, Family Court concluded in its September
2015 decision that a one-year order of protection requiring that
respondent stay away from petitioner and the children was
appropriate.  A written order of protection was issued in October

2015 with retroactive effect to September 2015. Respondent now appeals.

Preliminarily, respondent purports to appeal from Family Court's September 2015 decision, from which no appeal lies (see Matter of Gunthorpe v Cathey, 52 AD3d 907, 908 n [2008]). Nevertheless, the October 2015 order is part of the record and the parties have addressed the merits of the appeal. Upon the exercise of our discretion, we therefore deem respondent's premature notice of appeal as valid (see CPLR 5520 [c]; Matter of Hayden II. [Renee II.—Devan JJ.], 135 AD3d 997, 998 [2016], lv denied 27 NY3d 904 [2016]). We also note that the expiration of the order of protection by its own terms does not render respondent's appeal moot given that the "order still imposes significant enduring consequences upon respondent" (Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671 [2015]; see Matter of Rogers v Phillips, 138 AD3d 1183, 1183 n [2016]).

Turning to the merits, petitioner maintains the burden of demonstrating by a fair preponderance of the evidence that respondent committed the alleged family offenses (see Family Ct Act § 832; Matter of Elizabeth X. v Irving Y., 132 AD3d 1100, 1101 [2015]). As relevant here, harassment in the second degree requires proof that an individual "with intent to harass, annoy or alarm another person . . . engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose" (Penal Law § 240.26 [3]). "Whether a family offense has been committed is a factual issue to be resolved by . . . Family Court, and its determinations regarding the credibility of witnesses are entitled great weight on appeal" (Matter of Maureen H. v Bryon I., 140 AD3d 1408, 1409-1410 [2016] [internal quotation marks and citation omitted]).

At the fact-finding hearing, petitioner testified that respondent incessantly called her, sometimes late at night, from known or blocked phone numbers and that, in these phone calls, respondent yelled profanities and called her vulgar names. Petitioner also testified that respondent "would be aggressive toward[s] [her]," threatened that he would "get [her]" and warned that she "wouldn't get away with this." As a consequence of

these phone calls, petitioner felt "nervous, shook up and [she] couldn't sleep."  Respondent does not dispute that he telephoned petitioner and likewise admitted that he made up to five calls a day.  While respondent denied being aggressive or calling at late hours, Family Court, in its oral decision, found that respondent "was not a credible witness."  Inasmuch as we defer to Family Court's assessment of the witnesses's credibility (see Matter of Robert Q. v Miranda Q., 138 AD3d 1174, 1176 [2016]; Matter of Christina KK. v Kathleen LL., 119 AD3d 1000, 1002 [2014]), we conclude that a preponderance of the evidence supported Family Court's determination that respondent committed the family offense of harassment in the second degree (see Matter of Lynn TT. v Joseph O., 129 AD3d 1129, 1130-1131 [2015]; Matter of Kritzia B. v Onasis P., 113 AD3d 529, 529 [2014]; Matter of Cukerstein v Wright, 68 AD3d 1367, 1369 [2009]).

We also reject respondent's challenge to the stay-away provisions in the order of protection to the extent that they pertain to the children.  Petitioner testified that the children became upset and distraught after respondent's phone calls and that they were "shook up by his behavior."  After the temporary order of protection against respondent came into effect during the proceeding, the children's behavior and temperament improved. Petitioner also testified that the children told her that they did not want to speak with respondent.  Under these circumstances, we find that the provisions prohibiting respondent's contact with the children were reasonable and necessary (see Matter of Jeff M. v Christine N., 101 AD3d 1426, 1428 [2012]).

Respondent's remaining contentions have been examined and are found to be without merit.

McCarthy, J.P., Lynch, Rose and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court