■ In the Matter of VINCENT X., Appellant, v CHRISTINE Y., Respondent. (Proceeding No. 1.) In the Matter of CHRISTINE Y., Respondent, v VINCENT X., Appellant. (Proceeding No. 2.) (And Two Other Related Proceedings.) [55 NYS3d 831]—

Devine, J. Appeals from two orders of the Family Court of Schenectady County (Burke, J.), entered February 25, 2016, which, among other things, granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, for custody of the parties' child.

Vincent X. (hereinafter the father) and Christine Y. (hereinafter the mother) are the parents of a son (born in 2007). The mother took the child and left the family residence in May 2014 and filed a family offense petition on the same day, alleging a verbal and physical altercation with the father in the hours before their departure. Also that day, the father petitioned, and the mother cross-petitioned, for custody of the child. Family Court was in the midst of a combined hearing on those matters when, in May 2015, the mother filed a family offense petition alleging that the father had insulted her at one of the child's baseball games and confronted her at a baseball-related event. The second family offense petition was also addressed at the combined hearing, and, at the end of the hearing, Family Court granted the mother sole custody and the father specified parenting time. Family Court further issued an order of protection directing the father to stay away from the mother and refrain from contacting her, except for routine parenting matters, for two years. The father appeals.*

We affirm. Addressing the propriety of the order of protection, it was incumbent upon the mother to demonstrate "by a fair preponderance of the evidence that [the father] committed the alleged family offenses" (*Matter of Marianna K. v David K.*, 145 AD3d 1361, 1362 [2016]; *see* Family Ct Act § 832). With regard to the May 2014 petition, the mother testified that she was attempting to end her troubled relationship with the father and sought to delay further conversation on the matter until the child had left for school. The mother related how the father

---

* Family Court issued a separate order of protection, as well as a custody order that was "made a part" of the appealed-from decision and order. The additional orders are included in the record on appeal and, to the extent that the notice of appeal is defective for failing to reference them, we exercise our discretion to deem it valid (*see* CPLR 5520 [c]; *Matter of Marianna K. v David K.*, 145 AD3d 1361, 1362 [2016]).

insisted that the child stay home from school to witness the argument—which the child did—and then threw her onto a bed and tried to rip the engagement ring off of her finger. The mother stated that, with regard to the May 2015 petition, the father confronted her and the child at a public event, pursuing them and screaming obscenities and insults as they fled to their vehicle. The father disputed the mother's testimony as to the particulars of the first incident, but Family Court found his testimony to be "evasive." Accepting the mother's testimony as credible, as Family Court implicitly did, we conclude that a preponderance of the evidence supported the determination that the father committed, at a minimum, the family offense of harassment in the second degree (see Family Ct Act § 812 [1]; Penal Law § 240.26 [1], [2]; Matter of Marianna K. v David K., 145 AD3d at 1362-1363; Matter of Amber JJ. v Michael KK., 82 AD3d 1558, 1559-1560 [2011]). We find that the order of protection was properly issued as a result and, despite the father's urging, see no reason to alter either its duration or its terms.

Turning to the custody award, Family Court was required to assess the best interests of the child by considering factors such as the parents' relative fitness, stability and past performance, as well as their respective home environments and ability to both provide for the child's well-being and foster his relationship with the other parent (see Matter of Spoor v Carney, 149 AD3d 1209, 1210 [2017]; Matter of Snow v Dunbar, 147 AD3d 1242, 1243 [2017]). Family Court observed, and we concur, that the "anger and hostility" directed by the father toward the mother so impaired their ability to communicate that an award of joint custody was not feasible (see Matter of Berezny v Raby, 145 AD3d 1356, 1358 [2016]; Jeannemarie O. v Richard P., 94 AD3d 1346, 1347 [2012]). Family Court was, moreover, free to grant the mother sole legal and physical custody despite her initial request for a joint custodial arrangement (see Matter of Engelhart v Bowman, 140 AD3d 1293, 1294 [2016]; Matter of Kowatch v Johnson, 68 AD3d 1493, 1495 [2009], lv denied 14 NY3d 704 [2010]). The only question is whether it was in the best interests of the child to do so.

In that regard, the hearing evidence suggested that both parents have a reasonably good relationship with the child and can care for him in an appropriate fashion. Family Court therefore focused upon the discord between the parties and the mother's superior ability to facilitate the child's relationship with the other parent, noting her willingness to overlook the father's seething anger and, among other things, afford him extra parenting time and regular telephonic access to the child.

The father, in contrast, focused upon his own needs in stating that the mother should not have equal parenting time because it was "harmful" to the father and did not leave "enough" time for him. Thus, deferring to Family Court's assessment of credibility, the evidence that the mother "will better foster a relationship between the child and the [father] provides a sound and substantial basis for Family Court's custody and visitation determination" (*Matter of Smith v McMiller*, 149 AD3d 1186, 1188 [2017]; *see Matter of Berezny v Raby*, 145 AD3d at 1358).

Peters, P.J., McCarthy, Egan Jr. and Mulvey, JJ., concur. Ordered that the orders are affirmed, without costs.