People v Carota (2020 NY Slip Op 02497)





People v Carota


2020 NY Slip Op 02497


Decided on April 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 30, 2020

109680

[*1]The People of the State of New York, Respondent,
v
Robert Carota, Appellant.

Calendar Date: March 27, 2020

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ.


Lisa A. Burgess, Indian Lake, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.



Egan Jr., J.
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered July 14, 2017, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree.
Defendant was charged in an indictment with two counts of criminal contempt in the first degree after he violated an order of protection. He entered an Alford plea to one count of criminal contempt in the first degree in satisfaction thereof. In accordance with the terms of the plea agreement, he was sentenced as a second felony offender to 1½ to 3 years in prison. He appeals.
Defendant contends that the indictment is jurisdictionally defective because it did not set forth an essential factual element of criminal contempt in the first degree, namely, that his failure to comply with the court order did not involve or grow out of a labor dispute (see Penal Law §§ 215.50 [3]; 215.51 [c]). It is well settled, however, that the failure to include such language in the charging instrument does not render it jurisdictionally defective (see People v Santana, 7 NY3d 234, 237 [2006]; People v McPherson, 32 AD3d 558, 558-559 [2006], lv denied 7 NY3d 868 [2006]). Therefore, we find no reason to disturb the judgment of conviction.
Garry, P.J., Lynch, Mulvey and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.