Matter of Allen v Emery (2020 NY Slip Op 05984)





Matter of Allen v Emery


2020 NY Slip Op 05984


Decided on October 22, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

528469

[*1]In the Matter of Wanda L. Allen, Respondent,
v
Jerry P. Emery, Appellant. (And Another Related Proceeding.)

Calendar Date: September 11, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Alexandra G. Verrigni, Rexford, for respondent.



Clark, J.
Appeal from an order of the Family Court of Saratoga County (Pelagalli, J.), entered December 21, 2018, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, finding respondent to have committed a family offense, and issued an order of protection.
In April 2018, petitioner commenced the first of these proceedings alleging that respondent — her boyfriend of several years — had committed the family offense of harassment in the first or second degree by engaging in a pattern of verbal, psychological and physical abuse that had escalated over the preceding month and had caused petitioner to become fearful for her safety. Family Court issued a temporary order of protection directing respondent to, among other things, stay away from petitioner and to refrain from committing a family offense against her.[FN1] Thereafter, in July 2018, petitioner commenced the second of these proceedings, alleging that respondent had violated the temporary order of protection on five occasions between June 2018 and July 2018. Following a combined fact-finding hearing, Family Court found that respondent's behavior in April 2018 constituted the family offenses of harassment in the first and second degrees and, further, that respondent had violated the temporary order of protection by engaging in conduct in June and July 2018 that constituted the family offenses of harassment in the first and second degrees and stalking in the fourth degree. Based on these findings, Family Court granted the family offense and violation petitions and issued a one-year order of protection in favor of petitioner. Respondent appeals, and we affirm.
To prevail on her family offense petition, petitioner bore the burden of establishing, by a fair preponderance of the evidence, that respondent committed one of the enumerated family offenses set forth in Family Ct Act § 821 (1) (a) (see Family Ct Act § 832; Matter of Joan WW. v Peter WW., 173 AD3d 1380, 1381 [2019]). To prevail on her violation petition, petitioner had to prove, by clear and convincing evidence, that respondent willfully violated the terms of the temporary order of protection by, as relevant here, committing a family offense against her in June or July 2018 (see Matter of Savas v Bruen, 139 AD3d 737, 739 [2016]; Matter of Mary Ann YY. v Edward YY., 100 AD3d 1253, 1254 [2012]; see generally Matter of Stuart LL. v Aimee KK., 123 AD3d 218, 219-220 [2014]). The question of whether a family offense has been committed presents a factual issue to be resolved by Family Court, and Family Court's determinations regarding the credibility of witnesses are accorded great weight (see Matter of Elizabeth X. v Irving Y., 132 AD3d 1100, 1101 [2015]; Matter of Shana SS. v Jeremy TT., 111 AD3d 1090, 1091 [2013], lv denied 22 NY3d 862 [2014]).
As pertinent here, a person commits harassment in the first degree when he or she "intentionally and repeatedly harasses another person by following such person in or about a public place or places or by engaging in a course of conduct or by repeatedly committing acts which places such person in reasonable fear of physical injury" (Penal Law § 240.25). A person commits harassment in the second degree when — with intent to harass, annoy or alarm another person — he or she threatens to strike or otherwise subjects another person to physical contact, follows a person in or about a public place or places or "engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose" (Penal Law § 240.26). Finally, as pertinent here, stalking in the fourth degree is committed when an individual "intentionally, and for no legitimate purpose, engages in a course of conduct directed at a specific person, and knows or reasonably should know that such conduct . . . is likely to cause reasonable fear of material harm to the physical health [or] safety . . . of such person" (Penal Law § 120.45 [1]).
At the fact-finding hearing, petitioner testified that, although her romantic relationship with respondent had ended, respondent had delayed and refused to vacate their home, which she owned. She stated that respondent had been verbally and emotionally abusive throughout their relationship, but that such abuse had recently escalated. She testified in detail about respondent's behavior toward her over five consecutive days in mid-April 2018, describing instances in public and in private when respondent became enraged, screamed at her, directed obscenities and derogatory names at her and threatened physical harm, including gun violence. Petitioner testified that respondent "bumped" her on one of those occasions and that respondent had often told her that she had no recourse because he never left marks on her. Petitioner further testified that, as the abuse was escalating, she became increasingly fearful that respondent would physically harm her. She stated that her fear became so great that she left her home until she obtained the temporary order of protection forcing respondent to vacate. For his part, respondent denied ever engaging in threatening or abusive behavior toward petitioner, stating that he did not curse in the presence of women and that his relationship with petitioner had simply soured. Family Court, however, credited petitioner's testimony over that of respondent. According deference to Family Court's credibility determinations, we find that the proof was sufficient to establish, by a fair preponderance of the evidence, that respondent committed the family offenses of harassment in the first and second degrees against petitioner in April 2018 (see Matter of Citizens Concerned for Children, Inc. v Rahsaan CC., 167 AD3d 1278, 1280-1281 [2018]; Matter of Debra SS. v Brian TT., 163 AD3d 1199, 1204 [2018]; Matter of Marianna K. v David K., 145 AD3d 1361, 1362-1363 [2016]; Matter of Corey v Corey, 40 AD3d 1253, 1254-1255 [2007]).
As for the violation petition, petitioner's testimony, as credited by Family Court, established that petitioner encountered respondent five times in June and July 2018 at various public places, including a music venue, a grocery store and a convenience store, and that respondent, rather than stay away from her as directed in the temporary order of protection, engaged in unsettling conduct that served no legitimate purpose. Petitioner testified that, in addition to showing up at her location or remaining at locations once he saw her, respondent would glare at her for extended periods of time with his arms crossed and that he would intentionally position or reposition himself so that she could continually see him staring at her or so that she would have to walk by him. For example, she testified that on two of the occasions she did not see respondent when she entered a convenience store, but that he was standing near the door when she left and continued to stare at her until she got into her car. Petitioner testified that respondent's behavior made her anxious and fearful, particularly given his behavior in April 2018 and the fact that a temporary order of protection was in place. We agree with Family Court that petitioner's testimony constituted clear and convincing evidence that respondent willfully violated the temporary order of protection by committing the family offenses of harassment in the first and second degrees and stalking in the fourth degree — that is, by intentionally and repeatedly engaging in a course of conduct that he knew would and did in fact place petitioner in reasonable fear for her safety and which served no legitimate purpose (see Penal Law §§ 120.45 [1]; 240.25, 240.26 [3]; Matter of Yette v Yette, 39 AD3d 952, 953 [2007], lv denied 9 NY3d 802 [2007]; Matter of Birch v Sayegh, 9 AD3d 514, 515-516 [2004]). Accordingly, as there is no basis upon which to disturb Family Court's determination, we affirm.
Lynch, J.P., Devine, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Family Court later amended the temporary order of protection to allow respondent to retrieve his belongings from petitioner's home with police supervision.