Deschaine v Tricon Constr., LLC (2020 NY Slip Op 05984)





Deschaine v Tricon Constr., LLC


2020 NY Slip Op 05984


Decided on October 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

Before: Friedman, J.P., Kern, Scarpulla, Shulman, JJ. 


Index No. 161654/14 595123/15 595166/15 595184/15 Appeal No. 12141 Case No. 2019-03750 

[*1]Robert Deschaine, Plaintiff-Respondent,
v
Tricon Construction, LLC, et al., Defendants-Appellants, National Realty & Development Corp., et al., Defendants-Respondents. [And Other Third-Party Actions.]


Lester Schwab Katz & Dwyer, LLP, New York (Jonathan Glasser of counsel), for appellants.
Goldblatt & Associates, P.C., Mohegan Lake (Kenneth B. Goldblatt of counsel), for Robert Deschaine, respondent.
Gallo Vitucci Klar, LLP, New York (Sara R. David of counsel), for Michael Boyle, respondent.
Marshall Conway Bradley Gollub & Weismann, P.C., New York (Shannon L. Saks of counsel), for Dollar Tree Stores, Inc., respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered April 15, 2019, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim as against defendants Tricon Construction, LLC and C.P. Plaza Limited Partnership, Inc., unanimously affirmed, without costs.
Plaintiff made a prima facie showing that defendants failed to provide him with proper protection from the risk of falling from a scaffold and that this failure was a proximate cause of his injuries, as it is undisputed that the scaffold from which he fell lacked side safety rails and that plaintiff was not provided with any other protective devices (Vergara v SS 133 W. 21, LLC, 21 AD3d 279 [1st Dept 2005]).
In opposition, defendants failed to raise an issue of fact. Given the inadequacy of the scaffold, even if, as they contend, plaintiff suffered from a preexisting medical condition, that condition could not be the sole proximate cause of his injuries (see Lajqi v New York City Tr. Auth., 23 AD3d 159 [1st Dept 2005]; see also Vail v 133 Broadway Assoc. L.L.C., 105 AD3d 636 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2020